**Victorio Armin REYES–CALDERON,** Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 01–70597.

INS No. A73–700–975.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.[*]

Decided Feb. 25, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Victorio Armin Reyes–Calderon, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Where, as here, the BIA adopts the IJ's reasoning, this court reviews the IJ's decision as if it were the BIA's. *Rodriguez–Roman v. INS,* 98 F.3d 416, 425 n. 11 (9th Cir.1996). We review for substantial evi-dence the factual findings underlying the determination that a petitioner has not established eligibility for asylum, and will reverse the IJ's decision only if the record compels a contrary result. *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997).

Reyes–Calderon testified that guerillas kidnaped his two brothers and threatened to kidnap him at a later date. Reyes–Calderon further testified that he did not hold a political opinion, and that he did not know why guerillas had targeted him or his brothers.

We conclude that the record does not compel the conclusion that Reyes–Calderon suffered past persecution or has a well-founded fear of future persecution on account of an enumerated ground. *See id.* ("[P]ersecution on account of political opinion no longer can be inferred merely from acts of random violence by members of a village or political subdivision against their neighbors who may or may not have divergent … political views.").

Because Reyes–Calderon failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

R.App. P. 34(a)(2).
** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.